White agt. The Delaware, Lackawanna & Western R.R. Co.

## COURT OF APPEALS.

MORGAN A. WHITE, respondent, agt. THE DELAWARE, LACKAWANNA and WESTERN RAILROAD COMPANY, appellant.

*Submitted October* 9, 1869, *and decided December* 22, 1869.

APPEAL from judgment entered in Tioga county, in favor of the respondent against the appellant, for $1,272 47, for destruction of lumber of the plaintiff by fire, alleged to have been kindled by defendant's negligence.

The cause was tried at the Tioga circuit, and a verdict rendered for the plaintiff. The defendant moved for a new trial at special term, which was denied. The defendant then appealed from that order to the general term of the supreme court, in the seventh district, where the order denying a new trial was affirmed. Judgment was then entered on the verdict, from which the defendant appealed directly to this court.

DANA, BEERS & HOWARD, *for appellants.*
GEORGE SIDNEY CAMP, *for respondent.*

*By the court.*—This appeal must be dismissed. The judgment is a judgment entered upon the determination of the special term. It is not a general term judgment.

Appeal dismissed.

NOTE.—We find the above case printed in a newspaper, recently. If it is correctly reported it presents, what would seem to be a new question of practice in that court. The appeal is dismissed as appears, on the ground, that it is not a general term judgment. Why is it not a general term judgment? Suppose the general

White agt. The Delaware, Lackawanna & Western R.R. Co.

term had *granted* a new trial; would that be any more an actual determination by the general term, in other words, a *judgment of the general term*, than denying a new trial would be? In *Valton* agt. *National Loan Fund, &c.,* (19 *How.,* 515,) it was *held,* that "an *appeal* by defendant from an order denying a motion for a new trial, without an order to stay plaintiff's proceedings, or by giving security to stay, does not, *per se* preclude the plaintiff from entering a regular judgment. But the entry of judgment does not affect the appeal from the order. The general term decision of affirmance on such an appeal, is itself appealable to the court of appeals, just as well as if no judgment had been entered." Perhaps there may be some recent amendment to the Code, which we have not seen, that authorizes the above practice; but under the views we entertain of the subject, we are unable to discover why an order of the general term affirming an order of the special term denying a new trial, is not a final adjudication of the general term, which authorizes an appeal to the court of appeals. If after the decision of the general term, the judgment which is entered on the verdict, is to be considered a judgment of the special term merely, from which an appeal will not lie to the court of appeals, the defeated party ought to appeal again to the general term, and try another decision of the general term, and endeavour to procure a final adjudication which the court of appeals will recognize as appealable to that court. For if the court of appeals decide that the judgment is a special term judgment only, notwithstanding the decision at general term, it is good authority for bringing another appeal to the general term—the decision of the latter being no bar to another appeal.—REP.